IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SONYA SKINNER, | ) | |
| | ) | CASE NO. BK13-80010 |
| Debtor(s). | ) | A13-8052 |
| NANCY J. GARGULA, United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| SONYA SKINNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 32). No objection was filed. Jerry L. Jensen represents the plaintiff. The debtor-defendant represents herself. The plaintiff filed evidence and a brief and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This is an adversary proceeding to revoke the Chapter 7 discharge granted to the debtor in April 2013. The trustee alleges that the debtor failed to disclose she had received a Chapter 7 discharge in another district within eight years of filing the underlying bankruptcy petition. The trustee also alleges the debtor used different Social Security numbers on her bankruptcy petitions in an effort to conceal the previous case. The debtor also allegedly failed to disclose in her bankruptcy schedules and statement of financial affairs income received from two business ventures, as well as certain debts owed for sanctions, fines, and disgorged fees.

The action was brought by the United States trustee pursuant to 11 U.S.C. § 727(d), which provides in relevant part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if —
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge[.]

A request for revocation must be made within one year after the discharge is granted. § 727(e)(1).

Because this adversary proceeding is an objection to discharge in the form of a request for revocation of discharge, it is a statutory core proceeding under 28 U.S.C. § 157(b)(2)(J) and within this court's jurisdictional authority for entry of final judgment. *King Louie Mining, LLC v. Comu (In re Comu)*, Adv. No. 10-3269-SGJ, 2014 WL 3339593 (Bankr. N.D. Tex. July 8, 2014); *McDermott v. Crespo (In re Crespo)*, Adv. No. 13-1088, 2014 WL 172302 (Bankr. N.D. Ohio Jan. 13, 2014).

The United States trustee alleges several instances of fraud warranting a revocation of discharge predicated on the debtor knowingly and fraudulently making a false oath when she (1) failed to disclose in the current bankruptcy petition that she had previously filed a bankruptcy petition within the last eight years; (2) when she testified at her § 341 first meeting of creditors that she had never previously filed bankruptcy; (3) when she failed to list on her schedules and statement of financial affairs that she owed the United States Bankruptcy Court for the Eastern District of Virginia, the United States trustee for Region 4, and certain creditors for sanctions, fines, and disgorged fees that were ordered against her by the United States Bankruptcy Court for the Eastern District of Virginia; and (4) when she failed to disclose on her schedules and statement of financial affairs that she has an interest in, operates, or derives income from certain business ventures.

To set the stage for the legal discussion below, the court finds that the following facts have been established through judicial notice of the filings in the underlying bankruptcy case and the Virginia bankruptcy case, through the debtor's failure to provide evidence putting any of these facts into controversy, and through the debtor's failure to respond to discovery requests:[1]

1. The plaintiff, Nancy Gargula, is the United States trustee for Region 13, which includes the District of Nebraska.

2. The defendant, Sonya Skinner, is the debtor in a case filed on January 4, 2013, under Chapter 7 of Title 11 of the United States Code at Case No. 13-80010 in the United States Bankruptcy Court for the District of Nebraska. The last four digits of the Social Security number listed on the petition are -4852.

---

[1]The United States trustee served the debtor with a request for admissions and request for production of documents on February 27, 2014, but received no response. Service was made a second time on June 12, 2014, and, again, the debtor did not respond. Pursuant to Federal Rule of Civil Procedure 36(a)(3), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7036, the effect of not responding to requests for admission is that the matters are deemed admitted for purposes of this lawsuit. *Luick v. Graybar Elec. Co.*, 472 F.2d 1360, 1362 (8th Cir. 1973) ("Unanswered requests for admissions render the matter requested conclusively established for the purpose of that suit.").

     3. Ms. Skinner filed her schedules of assets and liabilities and her statement of financial affairs with the bankruptcy court on January 4, 2013. She signed a declaration dated January 4, 2013, declaring under penalty of perjury that she had read the schedules and statement of financial affairs and that the schedules and statement of financial affairs were true and correct.

     4. Joseph H. Badami was appointed as Chapter 7 trustee for the case.

     5. Ms. Skinner appeared and testified at her § 341 first meeting of creditors in Omaha, Nebraska, on February 7, 2013. She testified that this was the first time she had filed bankruptcy, and that the petition, schedules, and statement of financial affairs filed by her were true and correct. She also testified that she was a student and currently had no job or income.

     6. Ms. Skinner was granted a discharge in the bankruptcy case on April 15, 2013.

     7. Ms. Skinner filed a Chapter 7 bankruptcy case using the name Sonya Ann DeVose in the United States Bankruptcy Court of the Eastern District of Virginia, Case No. 06-50652-DHA, on November 8, 2006, and received a discharge on February 26, 2007.

     8. Ms. Skinner used a Social Security number ending in -5917 when she filed the Virginia bankruptcy case.

     9. The Social Security Administration issued a Social Security number with the last four digits of -4852 to Ms. Skinner in 1986 or 1987.

     10. The Social Security Administration issued a Social Security number with the last four digits of -5917 to Ms. Skinner in 2000.

     11. After Ms. Skinner filed her Virginia bankruptcy case pro se, she began a business preparing bankruptcy petitions for others.

     12. Ms. Skinner is not an attorney and has not worked for an attorney.

     13. In 2008, Ms. Skinner started a sole proprietorship called A1 Credit Services, through which she prepared bankruptcy pleadings for others for payment.

     14. In 2010, the United States trustee for Region 4 filed an adversary proceeding against Ms. Skinner in the United States Bankruptcy Court for the Eastern District of Virginia seeking fines, disgorgement of compensation, and injunctive relief pursuant to 11 U.S.C. § 110 for her actions as a bankruptcy petition preparer in at least nine bankruptcy cases filed in that district.

     15. After a trial in the case, the judge found that Ms. Skinner violated § 110 by failing to sign documents she prepared for filing and by engaging in the unauthorized practice of law.

16. Judgment was entered against Ms. Skinner on August 17, 2010, ordering her to forfeit and return the fees she received for each of the nine bankruptcy cases and pay a fine of $2,000 to the debtors in each of the nine cases. In addition, she was ordered to pay a fine of $1,200 to the United States trustee, and she was enjoined from engaging in any fraudulent, unfair, or deceptive acts as a bankruptcy petition preparer, and specifically from engaging in the unauthorized practice of law.

17. Those fines and sanctions appear to remain unpaid.

18. On February 7, 2012, a debtor named Nicole Jackson filed with the United States Bankruptcy Court for the Eastern District of Virginia a Chapter 13 bankruptcy petition prepared by Ms. Skinner.

19. Thereafter, the Virginia bankruptcy court found, after notice and a hearing, that Ms. Skinner had failed to comply with the August 17, 2010, order. As a result, the court on July 3, 2012, enjoined her, individually and doing business as A1 Credit Services, from acting as a bankruptcy petition preparer in any United States jurisdiction until she filed proof that she had complied with the 2010 order and obtained an order dissolving the injunction. The court also posted a notice that it would not accept for filing any documents prepared for others by Ms. Skinner or A1 Credit Services. Finally, the court ordered Ms. Skinner not to attempt to circumvent the provisions of the order by using another name or business form to act as a bankruptcy petition preparer.

20. The debts arising from the fines and penalties imposed in the August 2010 order were not listed in Ms. Skinner's Nebraska bankruptcy schedules and statement of financial affairs.

21. Ms. Skinner did not list on her statement of financial affairs any income from employment or the operation of a business received during the two years immediately preceding the Nebraska bankruptcy filing.

22. The $350 Ms. Skinner was found by the Virginia bankruptcy court to have received for preparing Ms. Jackson's bankruptcy petition in February 2012 fell within that two-year pre-petition window.

23. Ms. Skinner did not list on her statement of financial affairs any businesses she operated within the six years immediately prior to her Nebraska bankruptcy filing.

24. Ms. Skinner filed a lawsuit in the United States District Court for the Eastern District of Virginia against the Virginia bankruptcy court and the United States trustee for Region 4 in November 2013 alleging that the injunction and sanctions imposed against her in the August 2010 violated her civil rights.

25. That lawsuit was dismissed on July 30, 2014, for lack of jurisdiction.

In her separate preliminary pretrial statement in this case (Fil. No. 15), Ms. Skinner denied committing fraud or making false statements. She stated she does not owe money to the Eastern District of Virginia, she does not operate a business under the name of A1 Credit Services, she has no income from an Organo Gold coffee franchise or from acting as a bankruptcy petition preparer, and she has no job or steady income.

The plaintiff has now moved for summary judgment on the basis that she is entitled to judgment as a matter of law because no genuine issues of material fact exist in this case. The debtor has not responded to the motion.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Revocation of discharge is an extreme remedy and the statute is construed strictly against the objecting party and liberally in favor of the debtor so as to encourage the spirit of a fresh start. *Sun Sec. Bank v. Rohe (In re Rohe)*, 460 B.R. 249, 252 (Bankr. E.D. Mo. 2011) (citing *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008) and *JP Morgan Chase Bank, N.A. v. Koss (In re Koss)*, 403 B.R. 191, 211 (Bankr. D. Mass. 2009)). All of a debtor's debts will be reinstated upon revocation of a discharge, not just the debt owed to the claimant. *Rohe*, 460 B.R. at 252 (citing *Wood v. Cochard (In re Cochard)*, 177 B.R. 639, 642 (Bankr. E.D. Mo. 1995)).

To revoke a discharge under § 727(d)(1), the United States trustee must establish "fraud in the procurement of the discharge and also that grounds existed which would have prevented the discharge had they been known and presented in time." *In re Peterson*, 356 B.R. 468, 475 (Bankr. N.D. Iowa 2006) (quoting *First Interstate Bank of Sioux City v. Ratka (In re Ratka)*, 133 B.R. 480, 483 (Bankr. N.D. Iowa 1991)). If the plaintiff meets her burden of proof that she did not know and could not have discovered any facts regarding the debtor's alleged fraud prior to the discharge, then the next step is for the plaintiff to prove that the debtor committed actual fraud in connection with filing for and obtaining discharge. If the plaintiff can overcome both hurdles, then the debtor's discharge will be revoked. *Rohe*, 460 B.R. at 253 (citing *Cochard*, 177 B.R. at 643). Each element

must be proved by a preponderance of the evidence. *Doeling v. Coating Specialties, LLC (In re Toftness)*, 439 B.R. 499, 501 (B.A.P. 8th Cir. 2010).

This action was timely brought, as the debtor's discharge was entered on April 15, 2013, and the United States trustee filed this action on August 1, 2013, well within the one-year limitations period. Moreover, counsel for the United States trustee testified by affidavit that on May 2, 2013, after the discharge, he was informed by a colleague in the United States trustee's office in Norfolk, Virginia, that Ms. Skinner had filed bankruptcy in Virginia within the last eight years, that she had been ordered to disgorge fees totaling $3,250 and pay fines and penalties totaling $19,200 for violations of 11 U.S.C. § 110 while acting as a bankruptcy petition preparer in Virginia, that she had received income from two different businesses in the last two years, and that she had failed to disclose any of this on her Nebraska bankruptcy schedules. Prior to that conversation, the United States trustee in Nebraska had no reason to know of the inaccuracies in Ms. Skinner's bankruptcy documents and testimony at her § 341 meeting, particularly in light of the fact that she used different Social Security numbers for her Virginia and Nebraska bankruptcy petitions, making her activities more difficult to trace electronically.

The next step is to consider whether the alleged fraud would have barred the debtor's discharge had it been timely known. The plaintiff's allegations fall within the scope of § 727(a)(4), which precludes a discharge if the debtor has knowingly and fraudulently made a false oath or account in or in connection with the case, and § 727(a)(8), which precludes a discharge if the debtor has received a Chapter 7 discharge in a case commenced within eight years before the date of the filing of the petition in this case.

A plain reading of § 727(a)(8) makes clear that, while a debtor may file a case less than eight years after receiving a discharge, a debtor is not eligible to receive a discharge if the cases are filed too close together. The eight years are measured from the filing date of the petition in the prior case to the filing date of the petition in the current case. *In re Leduc*, Case No. 10-1641, 2011 WL 3204599 (Bankr. N.D. Iowa July 27, 2011 (addressing the statute in the context of determining that an intervening conversion date does not affect the calculation).

The Virginia bankruptcy case was filed on November 8, 2006, and the Nebraska case was filed on January 4, 2013, well within the eight-year period described in § 727(a)(8). For that reason, Ms. Skinner was not entitled to receive a discharge in the underlying case, and the discharge that was entered should be revoked.

To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must prove that "the Debtor made a statement under oath; (2) the statement was false; (3) the Debtor knew the statement was false; (4) the Debtor made the statement with fraudulent intent; and (5) the statement related materially to the Debtor's bankruptcy case." *Kaler v. Charles (In re Charles)*, 272 B.R. 680, 684 (B.A.P. 8th Cir. 2012) (citing *Lincoln Sav. Bank v. Freese (In re Freese)*, 460 B.R. 733, 738 (B.A.P. 8th Cir. 2011)). Well-established case law holds that because the statements made by a debtor in her schedules and statements and at the meeting of creditors are signed under penalty of perjury and made under oath, they constitute "oaths" for purposes of § 727(a)(4)(A). *Id.* (citing *Korte v. United*

*States (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001)); *Jordan v. Bren (In re Bren)*, 303 B.R. 610, 613-14 (B.A.P. 8th Cir. 2004), *aff'd in part, rev'd in part*, 122 Fed. Appx. 285 (8th Cir. 2005); Fed. R. Bankr. P. 1008.

Debtors are required to provide complete, accurate, and reliable information at the commencement of the case so that all parties may adequately evaluate the case and the estate's property may be appropriately administered. *Bren*, 303 B.R. at 614. Courts often will tolerate a single omission or error resulting from innocent mistake. However, multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth, which is the functional equivalent of intent to deceive. *Id.* (citations omitted).

A false oath bars discharge in bankruptcy if it is both material and made with an intent to defraud. *Bren*, 122 Fed. Appx. at 285 (citing *Korte*, 262 B.R. at 474). The threshold of materiality is fairly low. *Cepelak v. Sears (In re Sears)*, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000). A matter is "material" if it concerns the discovery of assets or the existence and disposition of estate property, or bears a relationship to the debtor's business transactions or estate. *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *Ellsworth v. Bauder (In re Bauder)*, 333 B.R. 828, 830 (B.A.P. 8th Cir. 2005); *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (per curiam).

Intent can be established by circumstantial evidence, *Korte*, 262 B.R. at 474, and reckless disregard for the truth will support a finding of fraudulent intent for the purpose of denying a debtor a discharge under § 727(a)(4)(A). *Bank of Bennington v. Thomas (In re Thomas)*, 431 B.R. 468, 472 (B.A.P. 8th Cir. 2010) (citing *Korte* at 474).

Omitting a valid Social Security number from a bankruptcy petition, or providing a false number, has been held to be a material misrepresentation. *Tighe v. Valencia (In re Guadarrama)*, 284 B.R. 463, 473 (C.D. Cal. 2002). The *Guadarrama* court relied on *United States v. Phillips*, 606 F.2d 884 (9th Cir. 1979), which discussed the materiality of providing an inaccurate Social Security number on a bankruptcy petition:

> [T]he false social security number [is material because it] might have impeded an investigation into the appellant's financial history, and might have misled creditors as to the identity of the petitioner. . . . In addition, since bankruptcy is permitted only once in seven years, prior names and accurate social security information would be material to the determination of appellant's eligibility to petition for bankruptcy.

*Phillips*, 606 F.2d at 887 (referencing an earlier version of the Bankruptcy Code). *See also In re Minetos*, 248 B.R. 729, 731 (Bankr. S.D.N.Y. 2000) ("A debtor who files a petition with a false social security number violates his or her oath made in signing the petition and is not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A).").

In this case, Ms. Skinner used her old Social Security number on the bankruptcy petition, a number that she apparently asked the Social Security Administration to replace in 2000 after

becoming a victim of fraud. Def.'s Answer (Fil. No. 4). The debtor has offered no reason for resurrecting the old number for this case, and the court is hard-pressed to divine a plausible non-fraudulent explanation for doing so. The use of the inaccurate Social Security number clearly avoided the complete and accurate disclosure of all information relevant to the case as well as meaningful notice to all parties in interest, it interfered with the trustee's ability to fully evaluate the case, and it may well have misled creditors (although there is no evidence of that).

Even if Ms. Skinner had inadvertently used the old Social Security number on her petition, she had the opportunity to correct the information in amended schedules, and she had the opportunity to correct the information by telling Mr. Badami at the § 341 meeting. Instead, she made a false statement under oath at the § 341 meeting by continuing her charade and telling Mr. Badami that her schedules were accurate and that she had never filed bankruptcy before.

The same analysis applies to Ms. Skinner's failure to disclose the unpaid court-ordered fines and sanctions. Withholding that information gave an incomplete picture of her bankruptcy estate and prevented those creditors from receiving notice of and an opportunity to object in the bankruptcy case. The omission is indisputably material under the standards of the Eighth Circuit. By the same token, the failure to disclose the receipt of income for her services as a bankruptcy petition preparer within the two years prior to the petition date, and her interest in A1 Credit Services within the six years prior to the petition date, are also materially false statements under oath. The orders of the Virginia bankruptcy court, in which Ms. Skinner was found to have begun operating under the A1 Credit Services name in 2008 and to have been paid for preparing a bankruptcy petition in 2012, are part of the record in this case and unequivocally demonstrate that Ms. Skinner knowingly and deliberately made false statements on her bankruptcy documents and at her § 341 meeting. Debtors may not subjectively determine what to disclose in their schedules; "[t]he effectiveness of the bankruptcy system depends on the Debtor's complete candor, and it is not the job of the trustee or creditor to search for information about the Debtor that should be readily disclosed in his bankruptcy Schedules and Statements." *Lincoln Sav. Bank v. Freese (In re Freese)*, 460 B.R. at 739.

The plaintiff has met her burden of establishing that the debtor's discharge should be revoked under § 727(a)(8) because the debtor had obtained a discharge less than eight years earlier, and under § 727(a)(4) because the debtor made materially false statements under oath with fraudulent intent. The burden then shifts to the debtor to explain her actions, *Toftness*, 439 B.R. at 505, which by her silence she has failed to do.

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal procedural rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); Fed. R. Bankr. P. 1001. Here, the debtor has not demonstrated the existence of any factual dispute, as she did not respond to the motion for summary judgment, and the plaintiff is entitled to judgment. The debtor's Chapter 7 bankruptcy discharge will be revoked.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 32) is granted. Separate judgment will be entered.

DATED: October 9, 2014.

BY THE COURT:

/s Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Jerry L. Jensen
    Sonya Skinner

Movant (*) is responsible for giving notice to other parties if required by rule or statute.